**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL SIMMONS, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>*v.*<br><br>CHARTER COMMUNICATIONS, INC., a Connecticut corporation,<br><br>    *Defendant*. | Case No. |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Michael Simmons brings this Class Action Complaint and Demand for Jury Trial against Defendant Charter Communications, Inc. to stop its practice of making unsolicited telephone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.  Defendant Charter Communications is one of the largest cable television, Internet, and telephone service providers in the United States.

2.  Unfortunately, in an attempt to sell its services, Defendant made unsolicited telemarketing calls to consumers' cellular telephones nationwide using an automatic telephone dialing system ("ATDS"). Defendant failed to obtain prior express consent from consumers to make such calls, and therefore, have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

1

3.     The TCPA was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff, nor the other members of the putative Class, ever provided Defendant with their prior express consent to be called. Likewise, Defendant made telemarketing calls to consumers who have placed their phone numbers on the National Do Not Call Registry. By making the phone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the monies paid to their wireless telephone carriers for the receipt of such calls.

4.     In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited calling activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5.     Plaintiff Michael Simmons is a natural person and citizen of the State of California.

6.     Defendant Charter Communications, Inc. is a corporation existing under the laws of the State of Connecticut with its principal place of business located at 151 Farmington Avenue, Hartford, Connecticut 06156. Defendant conducts business throughout this District, the State of Connecticut, and the United States.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over

Defendant because it is headquartered in this District, conducts significant amounts of business transactions within this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

9.      Defendant Charter Communications is a well-known cable, Internet and phone service provider.

10.      In an effort to sell its products and services, Defendant utilizes widespread telemarketing efforts. Unfortunately, in pursuit of these efforts, Defendant cast its net too wide and placed unsolicited telemarketing calls to consumers' cellular telephones nationwide.

11.      Defendant made these unsolicited telephone calls without consumers' prior consent and by utilizing an ATDS. Neither Plaintiff nor the other members of the proposed Class ever provided their telephone numbers to Defendant for the purpose of receiving telemarketing calls (or any other purpose).

12.      Defendant repeatedly made telemarketing calls from a variety of phone numbers, including "(614) 516-0454." If or when a call recipient would answer these calls, he or she would be greeted (after a long pause) by a telemarketer offering Charter's residential services and "exciting new offers." In instances where a consumer stated he or she was not interested, and requested not to be called again, the calls would simply resume shortly thereafter.

13.      Calling the number "(614) 516-0454" leads to a telemarketer promoting "Charter residential sales."

14.     In making the phone calls at issue in this Complaint, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

15.     Plaintiff and members of the Class did not request or consent to be called by Defendant.

## FACTS SPECIFIC TO PLAINTIFF SIMMONS

16.     In or around January 2015, Plaintiff Simmons received numerous telephone calls (at least four) on his cellular telephone from the phone number "(614) 516-0454." Specifically, Plaintiff received calls on January 9th, 15th, 19th, and 20th.

17.     Plaintiff answered several of these calls and spoke with a live operator who was promoting "exciting new offers" for Charter Communications residential service.  Each time he answered a call there was a long pause before he was connected to a live operator, indicating the use of an ATDS.

18.     Each time Plaintiff spoke with Defendant's telemarketers, he demanded that the calls stop. Plaintiff indicated that was not interested in the service and that his cellular telephone number was on the National Do Not Call Registry.

19.     Plaintiff is not a Charter Communications customer and does not, and never has, been a Charter Communications customer.

20.     Plaintiff did not provide his cellular telephone number to Defendant, and as such,

did not provide any form of consent to be called by Defendant.

21.     Plaintiff's cellular telephone number has been listed on the National Do Not Call

Registry since November 15, 2010. Plaintiff registered his cellular telephone number for the

express purpose of avoiding telemarketing calls just like those alleged here.

22.     As a result of Defendant's intrusive calls, which adversely affected Plaintiff's

rights to privacy, Plaintiff suffered harm in the form of monies paid to his wireless carrier for

receipt of such calls.

23.     Defendant was and is aware that the above-described telephone calls were being

made on a widespread basis, and that the telephone calls were being made to consumers who had

not consented to receive them.

## CLASS ALLEGATIONS

24.     **Class Definitions**: Plaintiff brings this action pursuant to Federal Rule of Civil

Procedure 23(a), (b)(2), and Rule 23(b)(3) on behalf of himself and a Class of similarly situated

individuals defined as follows:

> **Class:** All persons in the United States who (1) received a telephone call;
> (2) on a cellular telephone number; (3) from (or on behalf of) Charter
> Communications that was made for the purpose of selling its residential
> products and services; and (4) for whom Defendant had no record of
> express consent to make such telephone calls at the time they were made.

> **Subclass:** All persons in the United States who (1) received more than one
> telephone call; (2) on a cellular telephone number; (3) which had been
> listed on the National Do Not Call Registry for at least thirty days; (4)
> from (or on behalf of) Charter Communications that was made for the
> purpose of selling its residential products and services; and (5) for whom
> Defendant had no record of express consent to make such telephone calls
> at the time they were made.

The following persons are excluded from the Class: (1) any Judge or Magistrate presiding

over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents,

successors, predecessors, and any entity in which the Defendant or its parents have a controlling

interest and its current or former employees, officers and directors; (3) persons who properly

execute and file a timely request for exclusion from the Class; (4) persons whose claims in this

matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel

and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any

such excluded persons.

25.     **Numerosity**: The exact number of members of the Class is unknown and not

available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On

information and belief, Defendant has made telephone calls to thousands of consumers who fall

into the definition of the Class. Members of the Class can be identified through Defendant's

records.

26.     **Commonality and Predominance**: There are many questions of law and fact

common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class

include, but are not necessarily limited to the following:

(a)     whether Defendant's conduct violated the TCPA;

(b)     whether Defendant made calls utilizing an ATDS;

(c)     whether Defendant systematically made phone calls to persons who did

not previously provide Defendant with prior express consent to receive

such phone calls;

(d)     whether Defendant systematically made phone calls to persons who listed

their cellular telephone numbers on the National Do Not Call Registry;

and

(d)     whether Class members are entitled to treble damages based on the

willfulness of Defendant's conduct.

27.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the

Class, in that Plaintiff and the members of the Class sustained damages arising out of

Defendant's uniform wrongful conduct and unsolicited telephone calls.

28.     **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the Class, and has retained counsel competent and experienced in

complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant

has no defenses unique to Plaintiff.

29.     **Policies Generally Applicable to the Class**: This class action is appropriate for

certification because Defendant has acted or refused to act on grounds generally applicable to the

Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible

standards of conduct toward the members of the Class, and making final injunctive relief

appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply

to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices

hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law

applicable only to Plaintiff.

30.     **Superiority**: This case is also appropriate for class certification because class

proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy because joinder of all parties is impracticable. The damages suffered by the

individual members of the Class will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

Thus, it would be virtually impossible for the individual members of the Class to obtain effective

relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

31.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32.     Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express consent—in an effort to provide their business services.

33.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

34.     Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

35.     By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

36.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone

calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

37.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Subclass)**

38.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

40.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must

institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

42.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

 (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further

10

telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

43.     Defendant violated § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in § 64.1200(d)(3).

44.     Defendant made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

45.     Defendant violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

46.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

47.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Simmons, individually and on behalf of the Class and Subclass, prays for the following relief:

1.     An order certifying the Class and Subclass as defined above, appointing Plaintiff Michael Simmons as the representative of the Class and Subclass, and appointing his counsel as Class Counsel;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class and Subclass;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**MICHAEL SIMMONS**, individually and on behalf of all others similarly situated,

Dated: March 3, 2015

By: /s/ Jonathan M. Shapiro
    One of Plaintiff's Attorneys
Jonathan M. Shapiro (ct24075)
jshapiro@shapirolawofficesct.com
SHAPIRO LAW OFFICES, LLC
104 Court Street
Middletown, Connecticut 06457
Tel: 860.347.3325
Fax: 860.347.3874

Benjamin H. Richman*
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

*Motions for admission *pro hac vice* to be filed.