IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMMONS, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION NO. 3:15-cv-00317-SRU |
| Plaintiff, | : | |
| v. | : : | |
| CHARTER COMMUNICATIONS, INC., | : : | |
| Defendant. | : | JUNE 5, 2015 |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

This is a second attempt by Plaintiff's counsel to file a Telephone Consumer Protection Act ("TCPA") claim against Charter Communications, Inc. ("Charter") in this Court. The first case, *Schnetzler v. Charter Communications, Inc.*, No. 3:14-cv-01360-MPS ("*Schnetzler*"), was a one-count claim alleging telemarketing calls to cellular phones by Charter *Business* using an "automatic telephone dialing system"—or "autodialer"—without the consent of the recipients of those calls in violation of 47 U.S.C. § 227(b)(1)(A). The use of an autodialer is central to such a claim, but the plaintiff in *Schnetzler* alleged no non-conclusory facts in support of her allegation that an autodialer was used to make such calls. Charter, therefore, moved to dismiss for failure to state a claim. At the same time, because plaintiff's core allegation that an autodialer was used was false, Charter requested—over plaintiff's objection—an expedited, focused discovery schedule, commencing immediately, focusing on the autodialer issue. District Judge Michael Shea granted Charter's request for immediate and focused discovery. *See* Scheduling Order, *Schnetzler*, (D. Conn. Jan. 12, 2015), ECF No. 33. Written discovery was exchanged, Charter conducted plaintiff's deposition, and shortly thereafter, plaintiff dismissed her case, with prejudice. *See* Stip. of Dismissal, *Schnetzler*, (D. Conn. Apr. 10, 2015), ECF No. 39.

**ORAL ARGUMENT REQUESTED**

Shortly before dismissing the *Schnetzler* case, the same plaintiff's counsel initiated this case, again alleging marketing calls to cellular phones using an autodialer without the consent of the recipients of those calls in violation of 47 U.S.C. § 227(b)(1)(A)—this time by Charter *Residential*. *See* Compl. ¶¶ 12-13, 31-37 (Count I), ECF No. 1. Compared to the *Schnetzler* plaintiff's complaint, the *Simmons* plaintiff has just barely amplified the factual allegations concerning the use of an autodialer—alleging a pause between answering the telephone and being connected to an operator. Accordingly, Charter does not seek to dismiss Count I. But Charter will once again seek to initiate immediate, focused discovery on the autodialer issue because Plaintiff's core autodialer allegation is just as false here as it was in *Schnetzler*. Charter does not use an autodialer to make telemarketing calls, whether on behalf of Charter *Business* (in *Schnetzler*) or on behalf of Charter *Residential* (here), and that is fatal to Plaintiff's claim.

In this case, unlike in *Schnetzler*, Plaintiff has tacked on a second cause of action: that Charter improperly called Plaintiff's cellular phone because Plaintiff's cellular phone number was allegedly on the national do-not-call registry. *See* Compl. ¶¶ 38-47 (Count II). Charter seeks to dismiss Count II for the basic reason that Plaintiff has not alleged—and refuses to provide—his cellular phone number. Without knowing Plaintiff's cellular phone number, Charter is not on adequate notice of Plaintiff's claim, and Charter cannot investigate whether Plaintiff's cellular phone number is on the do-not-call registry or whether Charter made unauthorized calls to that number. *See Strand v. Corinthian Colls., Inc.*, No. 1:13-CV-1235, 2014 WL 1515494 (W.D. Mich. Apr. 17, 2014). Indeed, it would be highly unusual for a cellular phone number to receive an unauthorized telemarketing call from Charter because Charter has multi-tiered safeguards in place to ensure that cellular phone numbers on the do-not-call registry do *not* receive unauthorized calls.

To be clear: although Count II fails to state a claim under Rule 12(b)(6) as alleged in the complaint, Charter will seek to initiate immediate and expedited discovery on the autodialer issue in Count I in the parties' forthcoming Rule 26 report. The *Simmons* plaintiff's lawsuit is just as baseless as the *Schnetzler* plaintiff's lawsuit was. Discovery should proceed immediately so that this case, too, can be promptly dismissed.[1]

## ARGUMENT

This is a lawsuit about allegedly improper calls to Plaintiff's cellular phone, yet Plaintiff refuses to divulge what his cellular phone number is. Without knowing Plaintiff's phone number, Charter is not on adequate notice of Plaintiff's claim in Count II, and Count II should therefore be dismissed under Rule 12(b)(6).

Courts have dismissed TCPA claims for a plaintiff's failure to divulge the phone number at issue. *Strand v. Corinthian Colls., Inc.*, No. 1:13-CV-1235, 2014 WL 1515494 (W.D. Mich. Apr. 17, 2014); *see also Margulis v. Generation Life Ins. Co.*, No. 4:14-CV-1462 SNLJ, 2015 WL 1260483, at *2-3 (E.D. Mo. Mar. 19, 2015) (dismissing complaint because, among other failures, it failed to disclose plaintiff's cellular phone number). As the *Strand* court noted, "[n]otice pleading . . . necessarily requires that a plaintiff plead the telephone number in question to raise a right to relief above the speculative level. Otherwise, as Defendant argues, [w]ithout the telephone number, TCPA defendants are forced to make educated guesses as to which telephone number belongs to a newly filed plaintiff." *Strand*, 2014 WL 1515494, at *2 (second

---

[1] Under Rule 12, a party is to file either an answer or a motion to dismiss in response to a complaint. Where, as here, a defendant files a *partial* motion to dismiss, the time to file an answer is tolled until the partial motion to dismiss is resolved. *See* 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 12 ("The time to answer is tolled for the entirety of the complaint, crossclaim, or counterclaim, even if the Rule 12(b) motion is directed to only a part of it." (citing cases)); *Gortat v. Capala Bros.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009); *see also Abbott v. Rosenthal*, 2 F. Supp. 3d 1139, 1142-43 (D. Idaho 2014); *Talbot v. Sentinel Ins. Co.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, *3-4 (D. Nev. Mar. 29, 2012) (canvassing case law). Charter will file an answer after the Court's resolution of this motion, but nonetheless wishes to proceed with immediate and focused discovery on the key autodialer allegation in Count I.

brackets in original) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

In fact, because the complaint fails to identify Plaintiff's cellular phone number, Charter's counsel sought to obtain Plaintiff's cellular phone number informally so that Charter could investigate Plaintiff's do-not-call registry claim. But Plaintiff's counsel refused to provide Plaintiff's cellular phone number unless Charter conceded away certain legal rights—a concession Charter is not willing to make at this stage given that Plaintiff's phone number is not a bargaining chip for extracting concessions. Plaintiff brought a class action lawsuit claiming he received unauthorized calls on his cellular phone number, and Charter is entitled to know what that cellular phone number is.

To be sure, some out-of-circuit district court cases have held that a plaintiff need not allege the actual cellular phone number in connection with a claim that a defendant used an autodialer to improperly call a cellular phone—*i.e.*, Count I of Plaintiff's complaint. *See Margulis*, 2015 WL 1260483, at *2 (citing cases). But Charter is not seeking to dismiss Count I of Plaintiff's complaint. Charter does not need Plaintiff's cellular phone number to investigate the allegation that an autodialer was used to call Plaintiff's cellular phone. Charter does not use an autodialer to call any cellular phone number for telemarketing purposes, so no matter what Plaintiff's cellular phone number is, his allegation that he received telemarketing calls on his cellular phone that was placed by an autodialer is false.

Knowing the actual cellular phone number at issue is important for Charter to assess Plaintiff's do-not-call registry claim. Charter cannot assess whether it even called Plaintiff's cellular phone number, let alone how many times it called Plaintiff's cellular phone number, without knowing what that phone number is. *See Meilleur v. AT & T Inc.*, No. C11-1025 MJP,

2011 WL 5592647, at *2 (W.D. Wash. Nov. 16, 2011) (explaining that number of calls made within any given period is relevant to whether calls violate the do-not-call registry rules). Moreover, the do-not-call registry regulations permit calls to cellular phone numbers in certain circumstances even when a phone number is on the do-not-call registry, and investigating whether a call to any given cellular phone number was or was not authorized is a fact-bound and fact-intensive process that Charter cannot even begin without knowing the cellular phone number. *See Missouri ex rel. Nixon v. Progressive Bus. Publ'ns, Inc.*, 504 F. Supp. 2d 699, 705-06 (W.D. Mo. 2007) (explaining that calls do not violate do-not-call registry rules if caller and recipient have or have had an established business relationship). Indeed, Charter has a multi-tiered set of safeguards in place to ensure that cellular phones on the do-not-call registry do *not* receive unauthorized calls, and it is highly unusual for a cellular phone on the do-not-call registry to receive an unauthorized call from Charter. But that factual analysis cannot be conducted, and Charter is not on adequate notice of this claim, without knowing the phone number at issue.

## CONCLUSION

For these reasons, Charter requests that Count II be dismissed for failure to state a claim under Rule 12(b)(6). As will be set forth in the parties' forthcoming Rule 26 report, Charter seeks to commence expedited and targeted discovery on the autodialer issue that is central to Count I immediately.

Dated: June 5, 2015 Respectfully submitted,

By:   */s/ Rory M. Farrell*
David E. Rosengren (ct05629)
Rory M. Farrell (ct29655)
McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
One State Street, 14th Floor
Hartford, CT 06103
Telephone: (860) 241-2693
Facsimile: (860) 522-2796
drosengren@mdmc-law.com
rfarrell@mdmc-law.com

Jeffrey S. Powell (phv07106)
Ragan N. Naresh (phv07105)
Kathleen A. Brogan (phv07107)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jpowell@kirkland.com
ragan.naresh@kirkland.com
kathleen.brogan@kirkland.com

*Attorneys for Defendant
Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

      I certify that on June 5, 2015, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the court's CM/ECF system.

                                            */s/ Rory M. Farrell*
                                            Rory M. Farrell