**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL SIMMONS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>CHARTER COMMUNICATIONS, INC., a Connecticut corporation,<br><br>*Defendant*. | Case No. 3:15-cv-00317-SRU |

**RULE 26(f) REPORT**

**Date complaint was filed:** March 3, 2015

**Date Defendant was served:** March 25, 2015

**Date of Defendant's first appearance:** April 24, 2015

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, Plaintiff Michael Simmons and Defendant Charter Communications, Inc. (collectively, "the Parties"), have conferred (through counsel), with conferences held on June 4, 2015. The participants were:

J. Dominick Larry of Edelson PC for Plaintiff Michael Simmons

Ragan Naresh of Kirkland & Ellis LLP for Defendant Charter Communications, Inc.

**I. Certification:** Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses, and any possibilities for achieving a prompt settlement or other resolution of the case, and in consultation with their clients, have developed the following proposed case management

plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

**A. Subject Matter Jurisdiction:** This Court has subject matter jurisdiction under 28 U.S.C § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which is a federal statute. There are no issues with service of process.

**B. Personal Jurisdiction:** Personal jurisdiction is not contested.

## III. Brief Statement of the Case

**A. Claims of Plaintiff:** On March 3, 2015, Plaintiff filed this action against Defendant, alleging that it made unsolicited, auto-dialed calls to cellular telephones of consumers throughout the country, including himself. Further, Plaintiff alleges that he neither consented to the receipt of such calls, provided his cellular telephone number to Defendant in any fashion, nor had any business relationship with Defendant. Plaintiff also alleges that Defendant made these calls despite the fact that he had registered his cellular telephone number with the National Do Not Call Registry, and repeatedly informed Defendant of as much.

**B. Defenses of Defendant:** This is Plaintiff's counsel's second effort to state a claim against Charter for a violation of the TCPA. Their first claim, in *Schnetzler v. Charter*, No. 3:14-cv-1360-MPS, before the Hon. Michael P. Shea, proved meritless and was withdrawn and dismissed at the close of discovery and after the plaintiff was deposed. This case, too, will fail. Plaintiff's claim under the TCPA requires the use of an automatic telephone dialing system—an "autodialer." An autodialer is defined in the

statute as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *See* 47 U.S.C. § 227(a)(1). Plaintiff cannot prove that Charter used an autodialer to call Plaintiff or members of the putative class because Charter did not do so. Rather, every call was placed manually and the equipment used to make the telephone calls does not have the capacity to "autodial" telephone calls. *See* 47 U.S.C. § 227(b). For this and other reasons, Count I of Plaintiff's complaint against Charter will fail. With respect to Count II of Plaintiff's complaint, Charter has in place a multi-stage process to ensure that telephone calls are not made to individuals on the Do Not Call Registry to whom calls should not be made. To date, Plaintiff has refused to divulge the telephone number that Charter allegedly dialed, so Charter cannot presently provide its additional defenses with respect to Count II.

**IV. Statement of Undisputed Facts:** Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The Parties state that the following material fact is not disputed:

**A.** Defendant Charter Communications, Inc. is a corporation existing under the laws of the State of Delaware, with an office located at 400 Atlantic Street, 10th Floor, Stamford, Connecticut 06091. Defendant conducts business in the State of Connecticut and elsewhere in the United States.

**V. Case Management Plan:**

**A. Standing Order on Scheduling in Civil Cases:** The parties request modification of the deadlines in the Standing Order on Scheduling in Civil cases as set forth below.

**B. Scheduling Conference with the Court:** Defendant requests a telephonic pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Plaintiff requests that should the Court deem such a conference necessary, it allow the Parties to appear telephonically.

**C. Early Settlement Conference**

**1.** The Parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

**2.** The Parties do not request an early settlement conference.

**3.** The Parties believe any discussion regarding the best method for proceeding with any future settlement discussions is premature at this time.

**4.** The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties and Amendment of Pleadings:** Plaintiff proposes that the deadline to join additional parties and/or amend the pleadings be set as September 1, 2015. Defendant proposes that the deadline to join additional parties and/or amend the pleadings be set as August 3, 2015.

**E. Discovery.**

**1. Plaintiff's Position:** Plaintiff proposes that both class and merits related discovery proceed at the same time and in accordance with the schedule of deadlines set forth below. Defendant's suggestion that limited discovery regarding only the issue of whether it used an ATDS to make the calls at issue, followed by summary judgment briefing on that single issue, is an inefficient way to proceed, given that

resolution of the ATDS issue will have no bearing on the "Do Not Call" claims asserted by Plaintiff and the Subclass (which do not require a showing that an ATDS was used). *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c), (d), and (e). In fact, limiting discovery to the ATDS issue would cause Plaintiff's and the Subclass's "Do Not Call" claims to needlessly languish—thereby extending the ultimate schedule in this case—when the Parties and Court could instead move forward toward resolution or adjudication of the case as a whole.[1]

If, as Plaintiff proposes, formal discovery proceeds now, it should proceed as to the case as a whole, which will (i) allow discovery to be completed in only a slightly longer period of time than what Defendant proposes for just the ATDS issue (and without the need for multiple phases and the resulting delay), (ii) avoid the need to serve and respond to multiple sets of written requests, as well as the need to prepare for and take multiple depositions of (likely) many of the same witnesses, (iii) avoid multiple phases of discovery motion practice (if any), and (iv) otherwise move the case forward efficiently. And, even if discovery did proceed generally, Defendant would retain the right to move for summary judgment on the ATDS issue (or any other issue) when and as it sees fit.

Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (1) the total number and identity of individuals to whom Defendant and/or its agents made the unauthorized calls at issue; (2) the total number of calls Defendant

---

[1] Plaintiff recognizes that in support of its position that discovery should first be limited to the ATDS issue, Charter will likely point to a previous TCPA class action brought against it, *Schnetzler v. Charter Communications, Inc.*, No. 3:14-cv-1360 (D. Conn.), where Judge Shea ordered that discovery would initially be limited to the ATDS issue. (*Id.*, Dkt. 33.) In *Schnetzler*, however, all of the Plaintiff's claims required proof of an ATDS and, therefore, discovery on the ATDS issue had the potential to be dispositive of the case as a whole. (*See id.*; *see also id.*, Dkt. 1.) By contrast, here, proceeding on the ATDS issue will simply delay resolution of the case as a whole, by needlessly postponing any discovery or adjudication of Plaintiff's and the Subclass's "Do Not Call" claims.

and/or its agents made to those individuals; (3) the methods by which Defendant and/or its agents obtained the telephone numbers called; (4) the equipment Defendant and/or its agents used to make the calls; (5) records of consent to make the calls (if any); (6) records of individuals' request(s) that Defendant and/or its agents cease making such calls; (7) policies and/or procedures maintained by Defendant and/or its agents related to obtaining consent of individuals to be called and/or otherwise complying with the TPCA; (8) contracts exchanged between Defendant and its agents related to making telemarketing calls; (9) communications between Defendant and its agents related to making the telemarketing calls; (10) Defendant's internal policies and/or procedures for complying with Do Not Call regulation; (11) records relating to Defendant's compliance with its own Do Not Call policies and/or procedures; and (12) records relating to Defendant's compliance with the federal Do Not Call regulations.

**2. Defendant's Position:** As in *Schnetzler v. Charter*, No. 3:14-cv-1360-MPS, Plaintiff alleges that Charter violated the TCPA by supposedly using an automatic telephone dialing system. In *Schnetzler*, the plaintiff (represented by the same counsel) also proposed the lengthy, time-consuming schedule that Plaintiff proposes here. But because, as in *Schnetzler*, Plaintiff cannot prove the threshold element of his claim, that Charter used an automatic telephone dialing system, and for reasons of efficiency and judicial economy, Charter proposed that discovery be phased, and be focused in the first instance on the dispositive question of whether or not Charter used an automatic telephone dialing system to place calls to Plaintiff and members of the putative class. The Court (Judge Shea) adopted Charter's proposed order and ordered expedited discovery on the question of whether Charter used an autodialer to call the *Schnetzler*

plaintiff. The parties proceeded with that expedited discovery, Charter conducted the deposition of the named plaintiff, and Plaintiff dismissed the case shortly thereafter given that the "autodialer" allegation had proven to be meritless. Defendant proposes that this Court adopt the same, focused schedule that Judge Shea adopted in *Schnetzler,* which led to the speedy and cost-effective resolution of that case. Under this approach, discovery would once again focus on the "autodialer" issue, and once discovery on this threshold issue is complete, Charter would file a dispositive motion on the question of whether Charter used an automatic telephone dialing system to place calls to Plaintiff and members of the putative class. This approach is more efficient than the approach proposed by Plaintiff, in that it could avoid the need to conduct discovery and briefing on many of the topics of discovery identified by Plaintiff to date, and it would avoid the need to conduct expert discovery related to class certification, as well as class certification briefing in this Court. Rather, if Charter's dispositive motion on the automatic telephone dialing system is granted, Plaintiff's primary cause of action will end.[2] If that motion is denied, the parties can proceed to merits and class certification discovery regarding other issues and defenses arising from Plaintiff's TCPA claim.

**3. Parties' Proposed Discovery Schedules:** As explained above, the Parties disagree as to how and on what issues discovery should proceed at this time. Accordingly, each of their proposed schedules is outlined below:

---

[2] Plaintiff in this case has tacked on a claim that Charter improperly placed calls to Plaintiff despite the fact that his phone number was allegedly on the Do Not Call Registry. Charter has moved to dismiss this claim given that Plaintiff refuses to provide his telephone number, thus depriving Charter of the opportunity to investigate these allegations. *See* Defendant's Partial Motion to Dismiss (Dkt. 19). If Charter's partial motion to dismiss is granted, then the parties can meet and confer to discuss what, if any, discovery is required to resolve Plaintiff's Do Not Call Registry claim.

*Plaintiff's Proposed Schedule*

| EVENT | PLAINTIFF'S PROPOSED DEADLINE |
|---|---|
| *Deadline to Exchange Rule 26(a)(1) Initial Disclosures* | July 2, 2015 |
| *Deadline to Amend Pleadings and Add Parties Without Leave of Court* | November 12, 2015 |
| *Deadline to Complete Fact Discovery (Both Class and Merits)* | February 12, 2016 |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Class Certification* | March 14, 2016 |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification* | April 14, 2016 |
| *Deadline for Completion of Expert Discovery Relating to Class Certification* | May 5, 2016 |
| *Plaintiff's Deadline to File Motion for Class Certification* | May 26, 2016 |
| *Defendant's Deadline to File Opposition to Motion for Class Certification* | June 23, 2016 |
| *Plaintiff's Deadline to File Reply in Support of Motion for Class Certification* | July 14, 2016 |

| | |
|---|---|
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification |
| *Deadline to File Dispositive Motions* | Fourteen (14) weeks following the Court's Order on class certification |
| *Deadline for Filing Joint Pretrial Order and Fed. R. Civ. P. 26(a)(3) Disclosures* | TBD |
| *Pretrial Conference* | TBD |
| *Motion in Limine Hearing Date* | TBD |
| *Trial to Begin* | TBD |

*Charter's Proposed Schedule*

| EVENT | DEFENDANT'S PROPOSED DEADLINE |
|---|---|
| *Deadline to Exchange Rule 26(a)(1) Initial Disclosures* | July 2, 2015 |
| *Deadline to Amend Pleadings and Add Parties Without Leave of Court* | August 3, 2015 |
| *Deadline to Complete Fact Discovery on Automatic Telephone Dialing System* | September 4, 2015 |

| | |
|---|---|
| *Charter's Deadline to Disclose Expert Witnesses Relating to Automatic Telephone Dialing System* | October 2, 2015 |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Automatic Telephone Dialing System* | October 23, 2015 |
| *Deadline for Completion of Expert Discovery Relating to Automatic Telephone Dialing System* | November 20, 2015 |
| *Deadline to File Dispositive Motions Relating to Automatic Telephone Dialing System* | December 18, 2015 |
| All other deadlines to be set after resolution of Charter's summary judgment motion on automatic telephone dialing system | |

**4.** **Phased Discovery:** The Parties agree that discovery should be conducted in phases with respect to expert and fact issues, but disagree on how the phasing should be conducted. Plaintiff proposes that expert discovery be conducted in phases with regard to class and merits issues. Defendant proposes that all discovery on whether Charter used an automatic telephone dialing system be completed and that any motion for summary judgment going to that issue be ruled upon before any other discovery is conducted.

**5.** **Depositions:** The Parties anticipate that Plaintiff will require a total of 10 depositions of fact witnesses and that Defendant will require a total of 10 depositions of fact witnesses. Plaintiff anticipates that depositions will commence within eight (8) weeks of the opening of the discovery period, and will be completed by the end

of the discovery period. Charter agrees that the depositions will commence within eight (8) weeks of the opening of the discovery period, and states that depositions concerning the use of an automatic telephone dialing system will be completed by the end of the discovery period as set forth in Charter's proposed schedule.

**6. Interrogatories:** The Parties do not, at this time, request permission to serve more than 25 interrogatories.

**7. Expert Witnesses:** Plaintiff anticipates calling expert witnesses at trial. Plaintiff proposes that he will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) per the schedule listed above, and that depositions of such experts will be completed per the schedule listed above. Defendant intends to call expert witnesses at trial. Defendant proposes that it will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) per the schedule proposed by Defendant above, and that depositions of such experts will be completed per the schedule proposed by Defendant above.

**8. Damages:** Plaintiff proposes that a damages analysis be provided by any party who has a claim or counterclaim for damages no later than six (6) weeks before trial. Defendant disagrees with the timing proposed by Plaintiff, and proposes that any damages analysis should be submitted in conjunction with all other expert disclosures in the event the case proceeds after the Court resolves whether Charter used an automatic telephone dialing system.

**9. Electronically Stored Information:** Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including,

but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. Undersigned counsel agree that they will continue their discussions regarding an ESI protocol upon service of discovery requests.

**10. Confidential and Sensitive Information:** Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties expect that they will be able to reach an agreement regarding confidentiality, privilege, and work-product issues prior to producing discovery responses.

**F. Dispositive Motions:** Plaintiff proposes that dispositive motions be filed in accordance with his proposed schedule outlined above. Defendant proposes that dispositive motions be filed in accordance with its proposed schedule outlined above. Further, Charter states that its dispositive motion will be focused on whether Charter used an automatic telephone dialing system to place calls to Plaintiff and putative class members.

**G. Joint Trial Memorandum:** The Parties propose that the Court set a date for the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases after ruling on Plaintiff's Motion for Class Certification and Charter's summary judgment motion on the issue of whether an automatic telephone dialing system was used to place calls to Plaintiff and putative class members.

**VI. Trial Readiness:** The Parties propose that the Court set a trial date after ruling on Plaintiff's Motion for Class Certification and Charter's summary judgment motion on the issue of whether an automatic telephone dialing system was used to place calls to Plaintiff and putative class members.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By: s/ J. Dominick Larry Date: June 19, 2015

Defendant

By: s/ Ragan Naresh Date: June 19, 2015

* * *

Respectfully submitted,

By: s/ J. Dominick Larry
One of Plaintiff's Attorneys

Benjamin H. Richman (phv07173)
brichman@edelson.com
J. Dominick Larry (phv07148)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jonathan M. Shapiro (ct24075)
jshapiro@shapirolawofficesct.com
SHAPIRO LAW OFFICES, LLC
104 Court Street
Middletown, Connecticut 06457
Tel: 860.347.3325
Fax: 860.347.3874

By: s/ Ragan Naresh
One of Defendant's Attorneys

Jeffrey S. Powell
jeff.powell@kirkland.com
Ragan Naresh
ragan.naresh@kirkland.com
Kathleen A. Brogan
kathleen.brogan@kirkland.com
KIRKLAND & ELLIS LLP
650 15th Street NW, Suite 1200
Washington, DC 20005
Tel: 202.879.5000
Fax: 202.879.5200

David E. Rosengren
drosengren@mdmc-law.com
Rory M. Farrell
rfarrell@mdmc-law.com
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
One State Street, 14th Floor
Hartford CT 06103
Tel: 860.241.2693
Fax: 860.522.2796

**SIGNATURE ATTESTATION**

**I HEREBY CERTIFY** that the content of this document is acceptable to all persons whose signatures are indicated by a conformed signature (s/) within this e-filed document.

s/ J. Dominick Larry

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 19, 2015, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

s/ J. Dominick Larry