## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL SIMMONS, | : | CIVIL ACTION NO. 3:15-cv-00317-SRU |
| individually and on behalf of all others | : | |
| similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CHARTER COMMUNICATIONS, INC., | : | |
| | : | |
| Defendant. | : | JULY 10, 2015 |

### DEFENDANT'S ANSWER AND DEFENSES TO
### PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Charter Communications, Inc. ("Charter") answers Plaintiff Michael

Simmons's First Amended Complaint as follows:

### I.     ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1.     Admitted that Charter or its affiliates provide cable television, Internet, and

voice-over Internet protocol services.

2.     Denied.

3.     To the extent the allegations in this paragraph are legal conclusions, no response

is required.  Charter denies the remaining allegations in this paragraph.

4.     Admitted that Plaintiff filed the instant lawsuit and seeks an injunction.

Specifically denied that Charter engaged in unlawful conduct and that Plaintiff is entitled to any

relief whatsoever under the TCPA.  Except as specifically admitted herein, Charter denies the

allegations in this paragraph.

5.     Charter lacks sufficient information to admit or deny the allegations in this

paragraph, and therefore denies them.

6.      Admitted that Charter conducts business within this District.  Charter denies the remaining allegations in this paragraph.

7.      Admitted that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.  Further admitted that this Court has personal jurisdiction over Charter because it is headquartered in this District and conducts significant amounts of business transactions within this District.  Denied that any wrongful conduct occurred in, was directed to, and/or emanated from this District.

8.      Admitted that venue is proper in this District under 28 U.S.C. § 1391(b) because Charter is headquartered in this District.  Denied that any wrongful conduct occurred in, was directed to, and/or emanated from this District.

9.      Admitted that Charter or its affiliates provide cable television, Internet, and voice-over Internet protocol services.

10.     Admitted that Charter uses telemarketing efforts to sell its products and services.  Except as specifically admitted herein, Charter denies the allegations in this paragraph.

11.     Denied.

12.     Admitted that Charter or its agents have made telephone calls from a "(614) 516-0454" telephone number.  Except as specifically admitted herein, Charter denies the allegations in this paragraph.

13.     Admitted that calls on Charter's behalf have been made from a "(614) 516-0454" telephone number.  Except as specifically admitted herein, Charter denies the allegations in this paragraph.

14.     Denied.

15.     Charter lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

16.     Admitted that calls on Charter's behalf were made from a "(614) 516-0454" telephone number to the cellular telephone number ending in -5165 on January 9, 15, 19, and 20.  Except as specifically admitted herein, Charter denies the allegations in this paragraph.

17.     Denied that Charter used an ATDS.  Charter lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

18.     Admitted that on one occasion, Plaintiff requested that he no longer receive telephone calls on behalf of Charter, and that he thereafter no longer received such calls. Except as specifically admitted herein, Charter denies the allegations in this paragraph.

19.     Charter lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

20.     Charter lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

21.     Charter lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

22.     Admitted.

23.     Denied.

24.     Denied that any telemarketing calls were placed on behalf of Charter to cellular telephones by use of an ATDS.

25.     Admitted that Plaintiff seeks to certify the class described in this paragraph. Denied that certification is appropriate.  Except as specifically admitted herein, Charter denies the allegations in this paragraph.

26.     To the extent the allegations in this paragraph are legal conclusions, no response is required.  Charter denies the remaining allegations in this paragraph.

27.     To the extent the allegations in this paragraph are legal conclusions, no response is required.  Charter denies the remaining allegations in this paragraph.

28.     To the extent the allegations in this paragraph are legal conclusions, no response is required.  Charter denies the remaining allegations in this paragraph.

29.     To the extent the allegations in this paragraph are legal conclusions, no response is required.  Charter denies the remaining allegations in this paragraph.

30.     To the extent the allegations in this paragraph are legal conclusions, no response is required.  Charter denies the remaining allegations in this paragraph.

31.     To the extent the allegations in this paragraph are legal conclusions, no response is required.  Charter denies the remaining allegations in this paragraph.

32.     Charter restates its responses to the above-numbered paragraphs.

33.     Denied that any telemarketing calls were placed on behalf of Charter in violation of 47 U.S.C. § 227.  Charter lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     To the extent this paragraph is a legal conclusion, no response is required.  To the extent any response is required, Charter denies the allegations in this paragraph.

39.     Charter restates its responses to the above-numbered paragraphs.

40.     This paragraph states a legal conclusion to which no response is required.

41.     This paragraph states a legal conclusion to which no response is required.

42.     This paragraph states a legal conclusion to which no response is required.

43.     This paragraph states a legal conclusion to which no response is required.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     To the extent this paragraph is a legal conclusion, no response is required.  To the extent any response is required, Charter denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Charter specifically denies that Plaintiff is entitled to any relief.

## JURY DEMAND

Charter requests a trial by jury of all claims that can be so tried.

## II.     DEFENSES

Charter asserts the following defenses in response to Plaintiff's claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Charter reserves all rights to assert additional

affirmative defenses as they become known in the course of discovery.  Charter incorporates by reference the admissions, allegations, and denials contained in its Answer as if fully set forth herein.

## FIRST DEFENSE

Charter never used an automatic telephone dialing system to make phone calls to plaintiff or any member of the alleged class and therefore cannot have violated 47 U.S.C. § 227(b)(1)(A)(iii).

## SECOND DEFENSE

To the extent they would otherwise succeed, Plaintiff's claims are barred by 47 C.F.R. § 64.1200(c), which provides a safe harbor where a defendant maintains reasonable policies and procedures to avoid calling numbers on the Do Not Call Registry.

## THIRD DEFENSE

To the extent they would otherwise succeed, Plaintiff's claims are barred by 16 C.F.R. § 310.4(b), which provides exceptions to the Do Not Call Registry.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## FIFTH DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

## SIXTH DEFENSE

Charter has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Charter reserves the right to amend or seek to amend its answer and/or affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE Charter (a) denies that Plaintiff is entitled to any relief whatsoever; (b) seeks a jury trial on all issues so triable; and (c) seeks its costs and attorneys' fees, as well as such other relief as the Court may deem proper.

Dated:  July 10, 2015                Respectfully submitted,


By:   */s/ Rory M. Farrell*
       David E. Rosengren (ct05629)
       Rory M. Farrell (ct29655)
       MCELROY, DEUTSCH, MULVANEY
       & CARPENTER, LLP
       One State Street, 14th Floor
       Hartford, CT  06103
       Telephone: (860) 241-2693
       Facsimile: (860) 522-2796
       drosengren@mdmc-law.com
       rfarrell@mdmc-law.com


       Jeffrey S. Powell (phv07106)
       Ragan N. Naresh (phv07105)
       Kathleen A. Brogan (phv07107)
       KIRKLAND & ELLIS LLP
       655 Fifteenth Street, N.W.
       Washington, D.C.  20005
       Telephone: (202) 879-5000
       Facsimile: (202) 879-5200
       jpowell@kirkland.com
       ragan.naresh@kirkland.com
       kathleen.brogan@kirkland.com


       *Attorneys for Defendant*
       *Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 10, 2015, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Rory M. Farrell*

Rory M. Farrell